### In re WILKES-BARRE & EASTERN R. CO.

### No. 9660.

District Court, M. D. Pennsylvania.

Aug. 27, 1942.

486

Leo W. White, of Pittston, Pa., for Joseph P. Jennings, trustee.

JOHNSON, District Judge.

Guaranty Trust Company of New York, a New York banking corporation, filed claim in the above-entitled railroad reorganization proceedings, for $1,060.80, of which $1,000 is claimed for services of itself and counsel employed by it, and $60.80 is out-of-pocket expenses. The trust company was trustee under the Wilkes-Barre and Eastern Railroad Company First Mortgage of June 1, 1892, for $3,000,000, supporting a bond issue in like amount, and its claim relates to its services and expenses as such trustee during the period from June 1, 1937, to September 4, 1937, on which latter date it resigned. The reorganization proceedings herein were commenced on September 25, 1937, when Wilkes-Barre and Eastern Railroad Company, debtor, filed its petition in this Court under Section 77 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 205, which petition was approved by order of this Court entered on that date.

Guaranty Trust Company of New York was succeeded as mortgage trustee by the Commercial National Bank and Trust Company of New York, whose appointment was approved and ratified by orders of this Court. The first mortgage of June 1, 1892, originally in the principal sum of $3,000,-000, has been reduced by payments made prior to the reorganization proceedings and a distribution under orders of this Court during the proceedings, to the principal sum of $2,345,200. To that extent, with accrued interest, the mortgage is still unpaid. All of the property of the railroad company has been sold, free of liens, under orders of this court during the pendency of the reorganization proceedings, and the funds arising from such sales, less payments already authorized, remain in the hands of Joseph P. Jennings, trustee of the debtor, charged, by orders of this Court, with all liens on the property sold, which liens were transferred at the time of sale from the property sold to the funds realized therefrom. The funds in the trustee's hands are but a fraction of the unpaid balance of the first mortgage charged thereon.

From the funds in the hands of the debtor's trustee, Guaranty Trust Company of New York claims a priority of payment before the mortgage bondholders by reason of the following provision of the original mortgage indenture:

"Tenth.—The trustee (meaning the mortgage Trustee) accepts the trusts of this indenture, and agrees to execute them upon the following terms and conditions, to which the parties hereto mutually agree: * * * The trustee may employ or advise with legal counsel and the proper expenses thereof and all other reasonable and proper charges and expenses of the trustee, including its compensation, shall be paid by the mortgagor, its successors and assigns, as they are incurred or otherwise, out of the trust estate, on which they are hereby charged. * * *" (Parenthesis ours).

At the hearing upon this claim on July 9, 1942, counsel for the debtor's trustee stated to the Court, while he had entertained some doubt that a priority of payment should be allowed to this claim, there was authority for its allowance, Cowdrey et al. v. Galveston, Houston & Henderson Railroad Company et al., 93 U.S. 352, 23 L.Ed. 950, and Premier Steel Co. v. Yandes, 139 Ind. 307, 38 N.E. 849; that he had negotiated for settlement with Guaranty's counsel, who had agreed to accept $560.80 in full payment; and, therefore, that he recommended payment of the claim in the amount of $560.80, as a claim entitled to priority.

Accordingly the claim of Guaranty Trust Company of New York, as mortgage trustee, for its services and expenses during the period from June 1, 1937, to September 4, 1937, is allowed in the sum of $560.80, as a claim entitled to priority of payment in these proceedings. The debtor's trustee, Joseph P. Jennings, is authorized and directed forthwith to make payment from the funds in his hands to the claimant in said amount.